<i>Verdict set aside.</i>

BLODGETT, J., did not sit : the others concurred.

---

NUTTER <i>v.</i> TUCKER.

The declarations of a former deceased owner of land, made while in possession, are competent on the question of boundaries, in favor of as well as against one claiming under him.

TRESPASS, *qu. cl.* Verdict for the plaintiff. The plaintiff's close is bounded on the north by South Mill street. The defendant's close adjoins the plaintiff's on the south. The location of the divisional line is in dispute, the defendant claiming it is located about thirty feet south of the street, and the plaintiff that it is located some thirteen or fourteen feet further south.

Thatcher Emery formerly owned both tracts. In 1855 he conveyed the southerly close to one under whom the defendant claims, and in 1871, the northerly close to the plaintiff's husband, her predecessor in title. The plaintiff testified that in 1871, while Emery owned and was in possession of the northerly close, and in the course of the negotiations for the sale, he went upon the land with the plaintiff and her husband and pointed out to them the boundary, which she now claims as her south line, as one of the boundaries of the close. Emery died before the trial. To this evidence the defendant excepted.

Each party offered evidence that his predecessors in title occupied the disputed tract prior to March, 1871.

*Frink & Batchelder*, for the defendant.

*Calvin Page* and *Samuel W. Emery*, for the plaintiff.

SMITH, J.  The declaration of Emery as to the location of his southerly line was not rendered inadmissible by the fact that it was a statement such as his interest might induce him to make. The reasons for a contrary holding (*Shepherd* v. *Thompson*, 4 N. H. 213, *Smith* v. *Powers*, 15 N. H. 546, 563, *Morrill* v. *Foster*, 33 N. H. 379, 386) have been removed by the statutory changes in the law of evidence, by which parties and persons interested are no longer excluded as witnesses.  The objection of interest is held to go to the weight of the evidence merely, and not to its competency.  *Lawrence* v. *Tennant*, 64 N. H. 532, 541.  Nor does the fact that the predecessors in title of both parties occupied the disputed tract prior to March, 1871, render the evidence inadmissible.  The declarations of a former deceased owner of land, made while in possession, are competent upon the question of its boundaries in favor of as well as against one claiming under him. *South Hampton* v. *Fowler*, 54 N. H. 197, 200; *Wood* v. *Fiske*, 62 N. H. 173.  Either party may put in the declarations of a deceased former owner on the question of boundaries, but on the question of the weight of the evidence it is much stronger for the party who puts them in when they are against the interest of the person who made them.  " The true rule admits this traditionary evidence, not as a mere disclaimer or disparagement of title, but on the broader ground of the nature and necessity of a class of cases in which great difficulty in proving original landmarks is likely to arise from lapse of time." *Lawrence* v. *Tennant*, *ubi supra* 541.

*Exception overruled.*

CARPENTER, J., dissented: CHASE, J., did not sit: the others concurred.